BRYAN SCHRODER
United States Attorney

RYAN D. TANSEY
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: ryan.tansey@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 4:19-cr-00009-RRB-SAO |
| Plaintiff, | ) |
| | ) **PLEA AGREEMENT** |
| vs. | ) |
| CHRISTOPHER L. GORDON, | ) |
| Defendant. | ) |

Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

# I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

## A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Information in this case: Count: 1 - Marine Mammal Protection Act (MMPA), in violation of 16 U.S.C. § 1372, 1375. The parties agree not to seek a sentence of more than 120 days (4 months) imprisonment. The parties agree that the defendant should serve a 1 year term of supervised release following any term of imprisonment. The parties agree that the defendant shall not hunt or kill any marine mammals other than bowhead whales for the period of supervised release. The defendant agrees to pay a total fine of $4,500. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Information, including any prosecutions pursuant to 18 U.S.C. § 922.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

## B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO     Page 2 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 2 of 18

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

1. **The defendant agrees to plead guilty to the following count(s) of the Information:**

Count 1: Marine Mammal Protection Act (MMPA), a violation of 16 U.S.C. § 1372, 1375

### B. Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

1. The defendant took a Polar Bear in the waters or on lands under the jurisdiction of the United States;
2. The defendant did so knowingly;
3. The defendant did so in a wasteful manner by shooting and killing the Polar Bear and leaving all of the harvestable remains to waste.

Relevant Federal Law: The Marine Mammal Protection Act and Regulations

1. The Marine Mammal Protection Act, Title 16, United States Code, § 1372(a)(2)(A), prohibits the taking of marine mammals in waters or on lands under the jurisdiction of the United States except as provided by other laws.
2. The Act also provides, at Title 16, United States Code, § 1371(b)(1) - (3), that coastal dwelling Alaskan natives may take marine

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO   Page 3 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 3 of 18

mammals for subsistence purposes or for the purposes of creating and selling authentic native articles of handicrafts and clothing, *as long as the taking of marine mammals for any of these purposes is not done in a wasteful manner.*

3. Title 50, Code of Federal Regulations, § 18.3, provides that "wasteful manner" means any taking or method of taking which results in the waste of any substantial portion of the marine mammal, or which is likely to result in the killing or injuring of marine mammals beyond those needed for subsistence and the other permitted purposes.

4. Title 16, United States Code, § 1362(13) provides in part that "taking" includes hunting, capturing, or killing, or attempting to hunt, capture, or kill, any marine mammal.

5. The Polar Bear (*Ursus maritimus*) is a marine mammal for purposes of the Marine Mammal Protection Act and the related applicable regulations.

C. **Factual Basis**

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO          Page 4 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 4 of 18

The defendant was a resident of the Native Village of Kaktovik, Alaska, situated on Barter Island on Alaska's northeastern coast. As of December 20, 2018, the defendant knew the following:

- The Marine Mammal Protection Act ("the Act") prohibits the taking of marine mammals in waters or on lands under the jurisdiction of the United States except as provided by other laws. Although the Act provides that coastal dwelling Alaskan natives, like the defendant, may take marine mammals for subsistence purposes or for the purposes of creating and selling authentic native articles of handicrafts and clothing, the taking of marine mammals for any of these purposes cannot be done in a wasteful manner.

- "Wasteful manner" means any taking or method of taking which results in the waste of any substantial portion of the marine mammal, or which is likely to result in the killing or injuring of marine mammals beyond those needed for subsistence and the other permitted purposes;

- The Polar Bear (*Ursus maritimus*) is a marine mammal for purposes of the Marine Mammal Protection Act and the related applicable regulations;

On December 20, 2018, in the village of Kaktovik in the District of Alaska, the defendant had a large quantity of Bowhead whale meat stored in the front yard of his residence. Although bear resistant food storage lockers were available in Kaktovik, the defendant elected not to utilize them. The meat attracted a Polar Bear. The defendant shot and killed the Polar Bear because it was trying to eat the butchered whale meat on

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO                Page 5 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 5 of 18

the defendant's lawn. The defendant did not shoot the Polar Bear in self-defense or to save the life of another person in immediate danger.

At the time the defendant shot the Polar Bear, he had the knowledge and ability to harvest and use the meat and other parts for subsistence and other purposes. Between December 20, 2018 and May 22, 2019, the defendant left the Polar Bear carcass in his front yard without ever salvaging or using any portion of the Polar Bear. The Polar Bear carcass became covered with snow, and between approximately January 5-6, 2019, a snow removal vehicle moved the Polar Bear carcass. Portions of the Polar Bear carcass were still salvageable, however defendant made no effort at any time to salvage even the pelt.

Some five months later, on May 22, 2019, the defendant caused the Polar Bear carcass to be discarded and burned in the Kaktovik dump without ever using or salvaging any of its parts. A paw, ripped off by the snow removal vehicle, remained on defendant's lawn. The next day, the defendant told federal agents that they could take the Polar Bear's paw because it would "save me [the defendant] a trip to the dump."

The defendant admits that he did knowingly take a Polar Bear in a manner unlawful under the Marine Mammal Protection Act, by shooting and killing the Polar Bear and leaving all of the harvestable remains to waste.

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO                Page 6 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 6 of 18

## D. Statutory Penalties and Other Matters Affecting Sentence

### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 16 U.S.C. § 1372, 1375 (Marine Mammal Protection Act (MMPA))

1) 1 year imprisonment;

2) $100,000 fine;

3) $25 special assessment;

4) 1 year supervised release; or

5) 5 years' probation.

### 2. Other Matters Affecting Sentence

#### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO    Page 7 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 7 of 18

defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### E. Restitution

There is currently no identifiable restitution owed for the offense(s) of conviction. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO                    Page 8 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 8 of 18

## B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties agree not to seek a sentence of more than 120 days (4 months) imprisonment. The parties agree that the defendant should serve a 1 year term of

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO          Page 9 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 9 of 18

supervised release following any term of imprisonment imposed. The parties agree that the defendant shall not hunt or kill any marine mammals other than bowhead whales for the period of supervised release. The defendant agrees to pay a fine of $4,500. The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II.C, including any prosecution under 18 U.S.C. § 922.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 10 of 18

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO          Page 11 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 11 of 18

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

B.  **Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO                Page 12 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 12 of 18

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO       Page 13 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 13 of 18

that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO  Page 14 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 14 of 18

basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Christopher L. Gordon, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO                Page 15 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 15 of 18

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty

U.S. v. Christopher L. Gordon
4:19-cr-00009-RRB-SAO      Page 16 of 18
Case 4:19-cr-00009-RRB-SAO   Document 21   Filed 12/06/19   Page 16 of 18

plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1 - Marine Mammal Protection Act (MMPA), in violation of 16 U.S.C. § 1372, 1375 (misdo) of the Information.

DATED: 12-03-2019

CHRISTOPHER L. GORDON
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 12-4-19

BRIAN STIBITZ

Attorney for Christopher L. Gordon

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 12/4/19

For BRYAN SCHRODER
United States of America
United States Attorney